﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/19 Archive Date: 12/31/19

DOCKET NO. 190529-7246
2DATE: December 31, 2019

ORDER

Entitlement to nonservice-connected pension is denied.

FINDING OF FACT

The Veteran did not respond to the Agency of Original Jurisdiction’s (AOJ) request for relevant information related to his income and assets for pension purposes prior to his appeal.

CONCLUSION OF LAW

The requirements for entitlement to a pension have not been met. 38 U.S.C. §§ 1541, 1543; 38 C.F.R. § 3.23, 3.151, 3.155, 3.271, 3.272.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active duty service from February 1969 to February 1971. 

Initially, the Board reflects that this matter comes before the Board of Veterans’ Appeals (Board) on appeal from an April 2019 decision by a Department of Veterans Affairs (VA) Regional Office (RO), which the Veteran was notified of in an April 23, 2019 notice letter. 

In May 2019, the Veteran opted for direct review by the Board of Veterans’ Appeals (Board) under the Appeals Modernization Act (AMA). Under the AMA, direct review is the appeal option to the Board in which a Board decision is issued based on evidence of record at the time of the decision being appealed. Therefore, the Board will only consider evidence related to the period on appeal that was of record as of the date of the April 23, 2019 decision.

Evidence was added to the claims file during a period of time when new evidence was not allowed. Therefore, the Board may not consider this evidence. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Entitlement to nonservice-connected pension 

Nonservice-connected improved pension is available to a Veteran of a period of war who meets statutorily-defined service, net worth, and annual income requirements; and who is permanently and totally disabled from nonservice-connected disability not the result of willful misconduct, or who is 65 years of age or older. 38 U.S.C. §§ 1501 -1503, 1513, 1521, 1522; 38 C.F.R. §§ 3.3 (a)(3), 3.23. The purpose of VA pension benefits is to provide a subsistence income for Veterans of a period of war who are totally disabled and who are otherwise unable to maintain a basic, minimal income level. Recipients are required to report any changes in income and number or status of their dependents in a timely fashion. 38 U.S.C. §§ 1521, 1522.

The Veteran’s countable annual income must not exceed the specified maximum annual pension rate (MAPR), as increased periodically and reported in the Federal Register. 38 U.S.C. § 1521; 38 C.F.R. § 3.3.

The April 2019 decision reported the following favorable findings: that the Veteran met the minimum active duty requirements in order to qualify for pension; that the Veteran had qualifying wartime service; and that the character of the Veteran’s service meets the requirements to qualify for pension. As such, he is basically eligible for a rate of pension set by law, reduced by the amount of his countable income. 38 U.S.C. § 1541; 38 C.F.R. § 3.23. 

In determining income for purposes of entitlement to pension, payments of any kind from any source are counted as income during the 12-month period in which received unless specifically excluded under 38 C.F.R. § 3.272. 38 U.S.C. § 1503; 38 C.F.R. § 3.271. Social Security benefits and income yielded from stocks and bonds are not excluded.

The Income and Asset Statement (VA Form 21P-0969) the Veteran submitted in January 2019 reported that the Veteran had received a one-time payment of $426.00 from an individual, T.M. The Statement also reported that neither he, nor his dependents were receiving or expecting to receive interest, dividends, or royalties within the next 12 months. The Veteran also submitted an account statement from December 29, 2018 to January 28, 2019 from a Credit Union Account, which reported dividends of 55 cents accrued as of December 31, 2018. 

On March 21, 2019, the AOJ requested that the Veteran submit additional evidence regarding his income and assets. The AOJ requested that the Veteran provide additional information about the reported one-time payment – “please tell us the purpose of this one-time payment, and the date you received.” The AOJ also requested information regarding the amount of interest and/or dividends he expected to receive from January 28, 2019 to January 27, 2020 due his bank statement that indicated interest from a savings account and a money market account. If the Veteran was not expecting to receive any interest or dividends from these accounts during this period, the Veteran was asked to explain. No response was received from the Veteran, or his representative, regarding these questions prior to the April 23, 2019 decision.

In light of these factors, there is no completed application on which to base a decision. See 38 C.F.R. §§ 3.150, 3.151, 3.155. Hence, the Board must deny the claim.

With regard to the Veteran’s argument that he did not receive the initial request for additional documentation, the Board notes that the claims file does not indicate that the March 21, 2019 letter was returned as undeliverable and the letter indicates that the Veteran’s representative also received a copy. The evidence also does not indicate that additional evidence was submitted to the AOJ between the April 2019 decision and when the Veteran submitted his Form 10182 requesting direct review by the Board. 

To the extent that the Veteran submitted additional evidence after the April 23, 2019 decision, the Board notes that any additional evidence could not be considered in a direct review appeal, which only may consider evidence of record at the time of the decision on appeal. The Veteran is encouraged to file a supplemental claim and to submit any additional evidence at that time. 

 

 

K. Parakkal

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board P.M. Johnson, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.